NO. 07-10-0195-CV

 

IN THE COURT OF APPEALS

 

FOR THE SEVENTH DISTRICT OF TEXAS

 

AT AMARILLO

 

PANEL C

 

MARCH 9, 2011

 

______________________________

 

 

IN THE INTEREST OF J.R.H. AND J.R.H, CHILDREN

 

_________________________________

 

FROM THE 286TH DISTRICT COURT OF HOCKLEY
COUNTY;

 

NO. 08-04-21,253; HONORABLE PAT PHELAN, JUDGE

 

_______________________________

 

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

MEMORANDUM OPINION

Appellant, J.R.H., filed a notice of appeal[1]
challenging the trial court's order terminating his parental rights to his two
sons, J.R.H. and J.R.H.[2]  In presenting this
appeal, court-appointed counsel for Appellant has filed an Anders[3] brief in
support of a motion to withdraw.  We
grant counsel=s motion and affirm.

In support of her motion to withdraw,[4]
counsel certifies she has diligently reviewed the record and, in her opinion, it
reflects no reversible error.  Anders v. California, 386 U.S. 738, 744-45, 87 S.Ct. 1396,
18 L.Ed.2d 493 (1967); In re Schulman, 252 S.W.3d 403, 406
(Tex.Crim.App. 2008).  Counsel
candidly discusses why, under the controlling authorities, the appeal is
frivolous.  See Stafford v. State, 813 S.W.2d 503 (Tex.Crim.App. 1991). 
Counsel has demonstrated that she has complied with the requirements of Anders
by (1) providing a copy of the brief to Appellant and (2) notifying him of his
right to file a pro se response if he
desired to do so.  By letter, this Court also
granted Appellant time in which to file a pro
se response to counsel=s brief, should he desire to do so.  Appellant did not file a response.
 Neither did the Department favor us with
a brief.

Termination of Parental Rights

Section 161.001 of the Family Code permits a court to order
termination of parental rights if the petitioner establishes one or more acts
or omissions enumerated under subsection (1) of the statute and also proves
that termination of the parent-child relationship is in the best interest of
the child.  See '
161.001(1) and (2); Holley v. Adams, 544 S.W.2d 367, 370 (Tex. 1976).  Though the same evidence may be probative of
both issues, both elements must be established and proof of one element does
not relieve the petitioner of the burden of proving the other.  See id.; In re
C.H., 89 S.W.3d 17, 28 (Tex. 2002). 

Only one statutory ground is required to terminate parental
rights under section 161.001.  See
In re A.V., 113 S.W.3d 355, 362 (Tex. 2003); In re S.F., 32
S.W.3d 318, 320 (Tex.App.BSan Antonio 2000,
no pet.).  Therefore, we will affirm the termination
order if the evidence is sufficient to establish (1) any statutory ground
relied on by the trial court in terminating the parent-child relationship and
(2) that termination is in the child=s best interest.  See
In re A.V., 113 S.W.3d at 362.

The natural right existing between parents and their children
is of constitutional dimension.  Holick v. Smith, 685 S.W.2d 18, 20 (Tex. 1985).  Consequently, termination proceedings must be
strictly scrutinized.  In
Interest of G.M., 596 S.W.2d 846, 846 (Tex. 1980).  A termination decree is complete, final,
irrevocable, and divests for all time those natural rights, as well as all
legal rights, privileges, duties, and powers, existing between a parent and a
child, except for the child=s right to inherit.  Holick, 685 S.W.2d at 20. 
Thus, due process requires application of the clear and convincing
standard of proof in cases involving involuntary termination of parental
rights.  In re
J.F.C., 96 S.W.3d 256, 263 (Tex. 2002).  Clear and convincing evidence is that measure
or degree of proof which will produce in the mind of the trier of fact a firm
belief or conviction as to the truth of the allegations sought to be
established.  See ' 101.007.  See also In Interest of G.M., 596
S.W.2d at 847; In re Z.J., 153 S.W.3d 535, 539
(Tex.App.BAmarillo 2004, no
pet.).  Parental rights, however, are not absolute,
and it is essential that the emotional and physical interests of the child not
be sacrificed merely to preserve those rights. 
In re C.H., 89 S.W.3d at 26.  

Here, counsel does not advance any arguable issues.  Rather, she analyzes why the trial court's termination
order is supported by clear and convincing evidence and then concludes the
appeal is without merit.  We agree with
counsel's evaluation of the record.

Just as in a criminal case, we have independently examined
the entire record to determine whether there are any non-frivolous issues which
might support the appeal.  See Penson
v. Ohio, 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988); In re
Schulman, 252 S.W.3d at 409; Stafford, 813 S.W.2d at 511.  We have found none.  See Gainous v.
State, 436 S.W.2d 137 (Tex.Crim.App. 1969).  After reviewing the record and counsel=s brief, we agree with counsel that
there is legally sufficient evidence to establish at least one statutory ground
for termination, that the best interest of the children would be served by that
termination, and that there are, therefore, no plausible grounds for
appeal.  

Accordingly, counsel's motion to withdraw is granted and the
trial court=s termination order is affirmed. 

                                                                                    Per
Curiam

 

 

 

                                                                        

 

 











[1]Although
the trial court's order also terminated the mother's parental rights, she did
not appeal.  Additionally, Appellant did
file a Statement of Points of Appeal in combination with a Motion for New
Trial.  See Tex. Fam. Code Ann. § 263.405(b-1) and (i)
(West 2008).

 





[2]To protect the privacy of the parties in this case,
we identify them by their initials.  See
Tex. Fam. Code Ann. ' 109.002(d) (West 2008); Tex. R. App. P. 9.8(b)(1).

 





[3]Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18
L.Ed.2d 493 (1967).





[4]This
Court has previously held that appointed counsel may file an Anders
brief in an appeal from a parental rights termination order.  See In re A.W.T., 61 S.W.3d
87, 88 (Tex.App.BAmarillo 2001, no pet.).